Avis Rent-A-Car System, Inc., *v.* Nussbaum.

[Cite as Alvis Rent-A-Car System, Inc., v. Nussbaum, 4 Ohio Misc. 283.]

284

Action for Damages: Court of Common Pleas of Clermont County.

*Mr. Lee Kasson,* for plaintiff.

*Mr. Rex Ely* of Messrs. *Ely, Moore & Tilbury,* and *Mr. Lester Seaman,* for defendant.

Osborne, J. This matter came on to be heard on the motion of the defendant, Don Nussbaum, to set aside the service of summons on the defendant. This motion shall be treated by the court as a motion to vacate the judgment heretofore rendered in this case. Also the motion of the plaintiff to strike the motion of the defendant from the files. Both motions shall be treated together, regarding the matters herein, on the evidence, the oral arguments of counsel and the briefs of counsel. The facts of this case are, briefly, as follows:

The plaintiff, Avis Rent-A-Car System, Inc., filed its petition in Common Pleas Court, Clermont County, on or about the 12th day of November, 1959, praying for judgment against the defendant in the amount of $18,250, with interest. On November 13th, service of summons was issued to the sheriff of Clermont County, for the defendant, endorsed thereon "action for money only, amount claimed, $18,250, with interest at six per cent, from September 30, 1959, and costs therein." The return of the sheriff dated on November 20, 1959, states that Don Nussbaum was served by leaving for him, at his usual place of residence (300 Caroline Street, New Richmond, Ohio), a true and certified copy thereof, with all endorsements thereon. Signed by "Clyde B. Derricks, Sheriff, by William J. Ritchie, Deputy."

On January 4, 1960, in case No. 29048, judgment was rendered against the defendant on default, as follows:

"This cause coming on to be heard upon the petition of the plaintiff and the defendant having failed to file an answer or plead though having been served with summons and having notice of the time and place set for the default.

"The court finds upon evidence presented by the plaintiff, that the allegations of the petition are true and that the defendant has been guilty of fraud, deceit, writing checks against insufficient funds and obtaining merchandise, to wit eleven automobiles, under false pretenses, and that plaintiff has been damaged thereby in the sum of $18,000 with interest at 6% from the 30th day of September, 1959.

Wherefore judgment is rendered in favor of the plaintiff for the sum of $18,000, together with interest in the sum of $266.88, making a total of $18,266.88 and costs.

"Harry Britton, Judge

"Lee B. Kasson, Jr.
Atty. for plaintiff."

The facts disclose further that the defendant removed himself from the state of Ohio to the state of Florida, and an action was filed in Florida in Duval County on March 21, 1961, based upon the judgment rendered in Clermont County on January 4, 1960. And on March 22, 1961, the defendant was served with a summons with the following endorsements thereon:

"By leaving a true copy thereof to which was attached a copy of the complaint at 9:15 a. m., for the within named defendant, to wit: Don Nussbaum, a/k/a Don Nusbaum, at his usual place of abode, to wit: 6328 Merrill Road, with a person of the family above the age of fifteen years, to wit: Mrs. Don Nussbaum, wife, and informing such person of the contents thereof.

"Dale Carson, Sheriff
Duval County, Florida
"By J. W. Colyer, deputy sheriff"

The facts deduced disclose further that the defendant thereafter wrote and signed an agreement or a letter in the office of the attorney for the plaintiff, in Jacksonville, Florida, as follows:

"Jacksonville, Florida
"April 12, 1961

"Mr. Harold Wahl—Attorney for Avis Rent-A-Car System
"Dear Mr. Wahl:

"I have been served with complaint and summons in suit in Florida, here in Jacksonville where Avis claims $18,266.88

on judgment obtained against me in Clermont Co. Ohio where I was served with process at my home in Clermont County, Ohio.

"I realize you are about to get a judgment in Florida against me based on the Ohio judgment, and I would appreciate an opportunity to pay this as I am able.

"I am presently employed by Snuffy Smith Motor Co., 1642 E. Adams St., Jacksonville. I work for a salary. My only assets are—Equity in home 300 Caroline St., New Richmond, Ohio. This property at present is leased to U. S. Government on a five year lease, at $150.00 per month, with four years remaining on lease.

"I will with your approval pay you $200.00 April 15, 1961, and $150.00 per month each 15th until such time as I can pay more.

"Hoping this meets with your approval.

"Don Nusbaum."

The facts disclose further that the defendant then moved to the state of Texas and an action was commenced in the District Court of Dallas, Texas, by Avis Rent-A-Car System, Inc., against Don Nussbaum, on the same judgment, on November 16, 1961, and that he was duly served by summons by the sheriff of Dallas County, Texas, on the 17th day of November, 1961, endorsed as follows:

"By delivering to the within named defendant; Don Nussbaum, a/k/a Don Nusbaum, in person. Signed by Bill Decker, Sheriff of Dallas County, Texas, by O. L. Webb, Deputy."

By testimony of the witnesses at the trial, the following facts were revealed:

That at the time of the original action the defendant lived at 300 Caroline Street, New Richmond, Ohio; that sometime during the fall of 1959, the defendant testified, that he recalled the lawsuit; that a summons was handed to him by his wife. A Mr. Beiser, who lived also at 300 Caroline Street, next door, both parties having the same address, testified that he returned home one night, found a paper under his door, with Don Nussbaum's name on it; that he gave the paper to Mrs. Nussbaum; that he did not know what the paper was or that it was a summons, as he didn't read it. Mrs. Nussbaum did not testify as

to where she received the paper that she handed to her husband; whether or not it was left at the house, or whether or not it was the one given to her by Mr. Beiser.

The question of whether or not Mr. Nusbaum has notice or proper service of summons could be answered either way. The court could assume that the summons was delivered at the wrong address, therefore invalid, or it would be equally as well to assume that the sheriff had left the summons at the proper address, 300 Caroline Street; that Mrs. Nusbaum found it and delivered it to her husband, there being no evidence to the contrary.

However, the court is just as willing to believe the latter, or more willing to believe the latter, since the defendant had actual notice of summons, and the sheriff's return shows proper service. We are therefore going to assume that there was proper service in the original action herein.

Now to consider another matter. The motion to set aside the service was not filed until September 24, 1964, which is approximately four years and nine months after the judgment was returned. Section 2325.01, Revised Code, reads in part as follows:

"The court of common pleas or the court of appeals may vacate or modify its own final order, judgment, or decree after the term at which it was made:

"* * *

"(I) For taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

Section 2325.05, Revised Code, reads as follows:

"The proceedings to vacate a judgment or order on the grounds mentioned in divisions (D) to (J), inclusive, of Section 2325.01 of the Revised Code, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and, if the party applying was defendant, the defense to the action. On such petition a summons shall issue and be served as in the commencement of an action."

However, the defendant herein, has not filed a petition as specified in Section 2325.05, Revised Code, as was approved

by the Supreme Court of Ohio in the *Peoples Banking Co.* v. *Brumfield Hay & Grain Co.* (1961), 172 Ohio St. 545, as indicated by the second paragraph of the syllabus:

"Where a judgment in personam has been rendered against a defendant who was not served with summons, who did not enter an appearance and who did not authorize anyone to enter an appearance for him, such judgment is void and may be attacked by motion after term without following the procedure specified in the Ohio statutes for the vacation of judgments after term."

Therefore, under the theory of that case, or if there was no summons, it may be attacked by motion rather than by petition. However Section 2325.10, Revised Code, limits such relief:

"Proceedings to vacate or modify a judgment of order for the causes mentioned * * * in division (I) of such section, [Section 2325.01, Revised Code] (must be commenced) within two years after the defendant has notice of the judgment."

Therefore, the court finds from the evidence adduced at the hearing, and the record, that the defendant failed to comply with Section 2325.10, Revised Code, the statute of limitations being two years after he had notice of the judgment. The facts indicate that in November, 1959, he actually had notice of the pendency of the suit by the summons handed to him by his wife; that in March, 1961, he was served by a sheriff in the state of Florida, with notice of this judgment; that in April, 1961, he wrote and signed a letter acknowledging the debt and judgment; that in November, 1961, he was personally served with notice by sheriff of Duval County, Texas. All of these dates are more than two years prior to the filing of the motion to set aside the service or vacate the judgment.

Therefore, the motion will be overruled; the judgment will stand as it is; and an entry may be prepared accordingly.

As to the motion to strike the motion to set aside from the files, it will also be dismissed.

*Judgment accordingly.*